IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3014-FL

| | | |
|---|---|---|
| TONY SNUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. KATHY LOCKLEAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter is before the court on the motion for summary judgment (DE # 30) pursuant to Federal Rule of Civil Procedure 56(a), filed by defendant Kathy Locklear ("defendant"), to which plaintiff did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion.

## STATEMENT OF THE CASE

On February 2, 2010, plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging defendant, a registered nurse at Lumberton Correctional Institution ("Lumberton"), acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. In particular, plaintiff alleges defendant refused to treat his serious foot condition and to provide him with his prescribed orthopedic footwear.

On June 7, 2011, defendant filed a motion for summary judgment arguing that plaintiff's claim is without merit. Although he was notified of defendant's motion, plaintiff did not respond.

## STATEMENT OF FACTS

The undisputed facts are as follows. In April 2008, at Lumberton, plaintiff began experiencing pain in the bottoms of both of his feet, and had severe corns and callousitis. Locklear Aff.[1] Ex. A p. 2. Lumberton medical staff diagnosed plaintiff with bone spurs, scheduled him for surgery, and recommended he receive prescription Dr. 2 Shoes. Plaintiff received a pair of Dr. 2 Shoes in November 2008. Id. Ex. A. p. 3. Plaintiff subsequently was transferred to McCain Hospital and had surgery to remove his bone spurs. Compl. pp. 6-7, 11. Plaintiff states that, while at McCain in June 2009, he returned his Dr. 2 Shoes for repairs. Compl. p. 8. The shoes were not returned to plaintiff.

On September 14, 2009, plaintiff was transferred back to Lumberton. Locklear Aff. ¶ 6. In October 2009, plaintiff began experiencing increased pain in his feet while walking and even while standing. Compl. p. 8. Plaintiff states that he asked defendant to assist him in locating his lost Dr. 2 Shoes, but that defendant refused. DE # 15, 18. Plaintiff submitted grievances in October 2009, requesting that he again be provided with prescription Dr. 2 Shoes to help alleviate his foot pain. Compl. pp. 11-12. On November 12, 2009, Nurse Butler saw plaintiff and noted that his ankle was sightly swollen and recommended that his Dr. 2 Shoes prescription, which expired on January 9, 2009, be renewed. Locklear Aff. ¶¶ 7 and 8; Ex. A, pp. 16-17. Nurse Butler then referred plaintiff to the unit physician to have his prescription renewed. Locklear Aff. Ex. A, pp. 16-17.

On November 18, 2009, plaintiff saw the unit physician and the unit physician submitted a request the following day to the Utilization Review Board ("URB") for a renewal of plaintiff's Dr.

---

[1] Lead nurse at Lumberton Yvonnie Locklear submitted an affidavit in support of defendant's motion for summary judgment. Yvonnie Locklear is not a party to this action.

2

2 Shoes prescription. Locklear Aff. ¶ 9 and Ex. A, pp. 4-6, 24, 28. The URB approved the request for Dr. 2 Shoes in January 2010, and plaintiff received his shoes on March 17, 2010. Locklear Aff. ¶¶ 9-10, Ex A, pp. 4-6, 9, 12-13, 24, and 28.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

1.  Claim for Monetary Damages

Defendant asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is

3

whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

The court first determines whether defendant violated the Eighth Amendment by acting with deliberate indifference to plaintiff's podiatry needs. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

4

Assuming without deciding that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, his claim still fails because he is not able to establish the second prong–that defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir. 1977).

In this case, plaintiff alleges defendant acted with deliberate indifference to his podiatry needs because she refused to locate a shoe that accidentally was lost when plaintiff was transferred from McCain Hospital to Lumberton. Plaintiff submitted documentation reflecting that he filed a grievance regarding the situation. In response, defendant informed plaintiff that his Dr. 2 Shoes prescription expired. Compl. attach. Defendant further informed plaintiff that he would have to follow sick call procedure and submit a request for evaluation by a physician. Id. These allegations do not assert that defendant acted with the purpose of causing harm. Thus, they do not reflect deliberate indifference on the part of defendant.

As further evidence that defendant did not act with deliberate indifference, the record reflects

5

that the medical staff at Lumberton assisted plaintiff in obtaining another pair of Dr. 2 Shoes when he submitted sick call requests, in October 2009, complaining about foot pain. Specifically, plaintiff was examined by a nurse on November 12, 2009, who referred plaintiff to the unit physician for the renewal of his Dr. 2 Shoes prescription which expired on January 9, 2009. Plaintiff saw the unit physician on November 18, 2009, and the unit physician requested URB approval for the shoes the following day. The URB approved the request for plaintiff's Dr. 2 Shoes in January 2010. Plaintiff received the Dr. 2 Shoes on March 17, 2010. These facts do not support the conclusion that defendant knowingly disregarded plaintiff's serious medical needs, or that defendant's actions caused him any harm. Considering these facts in conjunction with plaintiff's allegations, it is apparent that plaintiff disagreed with the Lumberton medical staff's treatment of his podiatry conditions. However, as stated, a disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright, 766 F.2d at 849.

The evidence additionally reflects that the nursing staff at Lumberton relied upon the judgment of the unit physician for treating plaintiff's podiatry conditions. Defendant is entitled to rely on the physician's judgment regarding the appropriate course of plaintiff's treatment. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990); Wilson v. Collins, No. 7:08CV638, 2010 WL 785377, *16 (W.D. Va. Mar. 5, 2010), appeal dismissed, 382 F. App'x 286 (4th Cir. 2010). Based upon the foregoing, the court finds that there is no constitutional violation, and defendant is entitled to qualified immunity.

6

2. Claim for Injunctive Relief

Defendant argues that plaintiff's request for injunctive relief should be denied because plaintiff no longer is incarcerated at Lumberton. Transfer without the likelihood that an inmate will be returned to the facility where the alleged conduct occurred moots claims for injunctive or declaratory relief. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has not alleged a likelihood to return to Lumberton. Therefore, plaintiff has failed to state a claim upon which relief may be granted for injunctive relief against defendant.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE # 30) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the ___ day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge